| | |
|---|---|
| 1 | LAURA E. DUFFY |
|   | United States Attorney |
| 2 | JILL L. BURKHARDT |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 137984 |
|   | WARREN J. WILLIAMS |
| 4 | Special Assistant U.S. Attorney |
|   | California State Bar No. 270622 |
| 5 | United States Attorney's Office |
|   | 880 Front Street, Room 6293 |
| 6 | San Diego, California 92101-8893 |
|   | Telephone: (619) 557-7047 |
| 7 | Email: Jill.Burkhardt@usdoj.gov |
| 8 | Attorneys for Plaintiff |
|   | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 11CR3248-BTM |
| | ) | |
| Plaintiff, | ) | DATE:    September 30, 2011 |
| | ) | TIME:    11:30 p.m. |
| v. | ) | Hon. Barry T. Moskowitz |
| | ) | |
| ARMANDO CABRERA-PEREZ, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S MOTIONS |
| | ) | *IN LIMINE* TO |
| Defendant. | ) | 1) PRECLUDE 404(B) EVIDENCE; |
| | ) | 2) PRECLUDE EVIDENCE OF PRIOR |
| | ) |    CONVICTIONS UNDER 609; |
| | ) | 3) PRECLUDE GOVERNMENT |
| | ) |    WITNESSES FROM REFERRING TO |
| | ) |    CABRERA AS "THE ALIEN"; |
| | ) | 4) PRECLUDE SPECIFIC A-FILE |
| | ) |    DOCUMENTS; |
| | ) | 5) PRECLUDE THE CERTIFICATE OF |
| | ) |    NON-EXISTENCE; |
| | ) | 6) REQUIRE DOCUMENT INSPECTION; |
| | ) | 7) PRECLUDE "A-FILE"; CUSTODIAN |
| | ) |    FROM TESTIFYING ABOUT |
| | ) |    IMMIGRATION PROCEEDINGS; |
| | ) | 8) PRECLUDE INTRODUCTION OF |
| | ) |    ORDER OF REMOVAL FOR ANYTHING |
| | ) |    BUT THE FACT OF REMOVAL; |
| | ) | 9) ALLOW ATTORNEY VOIR DIRE; |
| | ) | 10) SEVER COUNTS |
| | ) | 11) LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS |
| | ) | AND MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, Jill L. Burkhardt, Assistant U.S. Attorney, and Warren Williams, Special Assistant U.S. Attorney, and hereby files its Response In Opposition to Defendant's Motions *In Limine* in the above-captioned case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

# I

# STATEMENT OF THE CASE AND FACTS

The United States hereby incorporates by reference the statement of the case and statement of facts set forth in its Motions *In Limine* filed August 2, 2011.

# II

# ARGUMENT

### A. 404(B) EVIDENCE

The United States does not intend to admit evidence under 404(b). As set forth in its Motions in Limine, the United States does intend to admit evidence of defendant's association with his identify theft "victim," Vidal Alamilla.

### B. THE COURT SHOULD ADMIT 609 EVIDENCE

For the reasons addressed in the United States' Motions in Limine, the Court should admit evidence under Rule 609 if the Defendant testifies at trial.

### C. PRECLUSION OF SPECIFIC A-FILE DOCUMENTS

Defendant argues that the Warning of Possible Penalties, Certification Sheet, Order of Removal, and other documents found in his A-file are not admissible as evidence of alienage. He is wrong and this motion should be denied. The Ninth Circuit has consistently held that "deportation documents are admissible to prove alienage under the public records exception to the hearsay rule." United States v. Hernandez-Herrera, 273 F.3d 1213 (9th Cir. 2001); see also United States v. Contreras, 63 F.3d 842, 857 (9th Cir. 1995).

The United States has met and conferred with defense counsel re: redaction of the Warning of Possible Penalty document.

### D. PRECLUDE GOVERNMENT WITNESSES FROM REFERRING TO MR. CABRERA AS "THE ALIEN"

Defendant seeks to preclude references by Government witnesses to him as "the alien." This motion should be denied as moot. Witnesses, particularly the A-File custodian, may refer to "aliens" in general terms, particularly when testifying regarding the creation, use, and purpose of an A-File. In addition, the A-File custodian may testify that an A-File was created for Defendant and that an A-File contains all relevant immigration documents pertaining to "an alien." This would be entirely appropriate and so, to the extent that Defendant is requesting that this kind of testimony be precluded, the United States opposes this motion. Otherwise, the United States does not intend to offer testimony in the form of legal conclusions along these lines.

### E. CERTIFICATE OF NON-EXISTENCE OF RECORD

The Government does not intent to introduce a Certificate of Non-existence, and will instead rely on the testimony of the A-file custodian to establish that, based upon her search of the relevant databases and the A-file, no records exist to indicate that the Defendant has applied for permission to re-enter the country.

### F. INSPECTION OF CERTIFIED DOCUMENTS PRE-TRIAL

Defendant offers no authority for his motion to compel inspection of certified copies of A-File documents prior to trial. However, the United States has provided for inspection the certified documents upon which the Government currently intends to rely. To the extent additional certified documents become relevant, the Government will endeavor to reasonably make them available for inspection as they are available.

## G. THE A-FILE CUSTODIAN MAY TESTIFY ABOUT IMMIGRATION PROCEEDINGS

The government incorporates by reference its arguments set forth in its Motions *In Limine* filed August 2, 2011.

Defendant moves the Court to preclude the A-File custodian from testifying about immigration proceedings. The Court should not limit the testimony of the A-File Custodian as requested by Defendant.

At trial, CBP Officer Elizabeth Rangel will be called to testify about the documents contained in Defendant's A-File. See United States v. Loyola-Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced documents from INS' Alien Registry File"). Officer Rangel has personal knowledge of the deportation and removal process. An adequate foundation will be established for her testimony at trial. Accordingly, the Court should allow testimony regarding the standardized procedures employed in immigration proceedings and immigration record keeping. This testimony will be presented by someone with direct experience and knowledge of these procedures, and is admissible.

## H. THE UNITED STATES SHOULD NOT BE PRECLUDED FROM INTRODUCING THE ORDER OF REMOVAL TO PROVE ALIENAGE

In United States v. Stinson, –F.3d. –, 2001 WL 3374231 (9th Cir., Aug. 5, 2011), the Ninth Circuit held that a trial judge did not abuse his discretion by holding that an expert witness who testified as to defendant's lack of ongoing gang ties could not be cross-examined with an order, from anther matter, granting defendant's habeas corpus motion, where the order was being used to reinforce the testimony of the witness by showing his testimony was in conformity with the finding of the court that granted the habeas petition. The Ninth Circuit held that such use of the order was hearsay and did not fall within a hearsay exception.

4

Conversely, deportation orders and other A-file documents do fall into a hearsay exception: public records. The Ninth Circuit has consistently held that "deportation documents are admissible to prove alienage under the public records exception to the hearsay rule." United States v. Hernandez-Herrera, 273 F.3d 1213 (9th Cir. 2001); see also United States v. Contreras, 63 F.3d 842, 857 (9th Cir. 1995).

### I. ATTORNEY CONDUCTED VOIR-DIRE

The United States does not oppose attorney conducted voir dire.

### J. COUNT ONE AND COUNT TWO OF THE SUPERSEDING INDICTMENT SHOULD NOT BE SEVERED

Where, as here, initial joinder is proper, the granting or denial of a motion for severance is governed by Federal Rule of Criminal Procedure 14, which provides:

> If it appears that a defendant or the Government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials or counts, grant a severance of defendants or provide whatever other relief justice requires.

In order to justify a severance under Rule 14, the defendant bears a heavy burden of demonstrating undue prejudice. See, e.g., United States v. Arbelaez, 719 F.2d 1453, 1460 (9th Cir. 1983); United States v. McDonald, 576 F.2d 1350, 1355 (9th Cir. 1978). The burden of showing prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed on review. United States v. Campanale, 518 F.2d 352, 359 (9th Cir. 1975). The defendant must show more than the fact that a separate trial might offer him a better chance of acquittal. United States v. Campanale, 518 F.2d at 359. The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever. United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976). A mere showing of some prejudice is insufficient to require severance. Almost all joint trials involve some prospect of prejudice; however, such speculative prejudice is insufficient to require severance.

1  Defendant argues that Counts 1 and 2 should be severed, yet he has not provided any
2  persuasive evidence that would support severance of the two counts. The case to which
3  Defendant cites makes it clear that severance is a rare occurrence requiring a strong showing of
4  prejudice. "[J]oinder is the rule rather than the exception and . . . the burden is on the
5  defendant . . . to show that joinder was so manifestly prejudicial that it outweighed the
6  dominant concern with judicial economy and compelled exercise of the court's discretion to
7  sever. United States v. Armstrong, 621 F.2d 951 (9th Cir. 1980) (citing United States v.
8  Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976)). "No need for severance on self-incrimination
9  grounds exists 'until the defendant makes a convincing showing that he has both important
10 testimony to give concerning one count and strong need to refrain from testifying on the
11 other.'" Id. (quoting Baker v. United States, 401 F.2d 958, 977 (D.C.Cir. 1968)). Although
12 Defendant tracks the language of the case and asserts that the has "important testimony to
13 provide as to this charge and he may choose to exercise his right to testify in order to defend
14 himself," he has made no concrete showing—much less a convincing showing—of information
15 that he intends to present. Defendant has not met the burden of showing that the joinder of
16 Counts 1 and 2 is so prejudicial that it outweighs the dominant concern of judicial economy, an
17 important concern that would be greatly tested if a separate trial were mandated for each count
18 in the indictment. Defendant's motion should be denied.

19 **K.   LEAVE TO FILE FURTHER MOTIONS**

20 The United States does not object to the granting of leave to allow Defendant to file further
21 motions, as long as the order applies equally to both parties and the additional motions are based
22 on newly discovered evidence or discovery provided by the United States subsequent to the instant
23 motion at issue.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that, except where unopposed, Defendant's Motions *In Limine* be denied.

DATED: September 23, 2011.

                                                Respectfully submitted,

                                                Laura E. Duffy
                                                United States Attorney

                                                s/ Jill L. Burkhardt
                                                JILL L. BURKHARDT
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO CABRERA-PEREZ,<br><br>Defendant(s). | Case No. 11CR3248-BTM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, Jill Burkhardt, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Sara Brin, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on September 23, 2011

                                              s/ Jill L. Burkhardt
                                              JILL L. BURKHARDT