1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | UNTIED STATES OF AMERICA,

12 

                           Plaintiff,

13     v.

ARMANDO CABRERA-PEREZ,

14

                          Defendant.

15

Case No. 11cr3248 BTM

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS DUE TO
INVALID DEPORTATION**

16

     On September 12, 2011, Defendant Armando Cabrera-Perez filed a Motion to Dismiss

17

the Superseding Indictment due to Invalid Deportation (Dkt. No. 18).  For the reasons set

18

forth herein, Defendant's motion is DENIED.

19

20

# FACTS

21

     Defendant entered a plea agreement on April 2, 2004, in which he agreed to plead

22

guilty to two violations of Arizona Revised Statutes ("A.R.S.") § 13-1203 and § 13-1204.

23

Defendant was sentenced to twelve months in jail and four years of probation.  On February

24

9, 2005, an immigration judge ("IJ") entered a removal order against Defendant.  The

25

removal order was reinstated on January 4, 2011.  On May 8, 2011, Defendant attempted

26

to reenter the United States in violation of the removal order, and was arrested.  On July 27,

27

2011, a grand jury returned a single-count indictment charging the Defendant with attempting

28

to reenter the United States in violation of 8 U.S.C. § 1326.  On August 3, 2011, a grand jury

1  returned a superseding indictment adding a charge of aggravated identity theft, in violation

2  of 18 U.S.C. § 1028A.

3       On September 12, 2011, Defendant filed a "Motion to Dismiss the Superseding

4  Indictment due to Invalid Deportation" (Dkt. No. 18), claiming that the underlying removal

5  order is invalid because the IJ failed to adequately advise Defendant of his eligibility for

6  voluntary departure during the removal proceedings in 2005.  In a supplemental brief filed

7  on October 28, 2011 (Dkt. No. 29), Defendant added two additional arguments: first, that the

8  IJ actually ordered voluntary departure and that the Order of Removal does not adequately

9  represent the actual proceedings; and second, that the IJ failed to advise Defendant that he

10  was eligible for cancellation of removal under § 240A(b) of the I.N.A. and waiver of removal

11  under § 212(h) of the I.N.A.  At the November 4, 2011 hearing, Defendant withdrew his §

12  212(h) waiver argument.

13

14  **DISCUSSION**

15       The Court first addresses, as a threshold issue, Defendant's argument that the IJ

16  actually ordered voluntary departure rather than removal.  Pursuant to 8 U.S.C. § 1326(a)(1),

17  the Government must show that Defendant "has been denied admission, excluded, deported,

18  or removed or has departed the United States while an order of exclusion, deportation, or

19  removal is outstanding[.]"  Despite the inclusion in the record of this case of the signed

20  February 9, 2005 removal order (Dkt. No. 18, Ex. A), Defendant contends that the substance

21  of the removal proceedings establishes that he was in fact voluntarily departed, rather than

22  removed.  Given the undisputed existence of a signed removal order, the Court is unwilling

23  to grant Defendant's motion to dismiss based on his contention that he was not actually

24  removed.

25       The Court next addresses Defendant's argument that the underlying removal order

26  was invalid due to the IJ's failure to adequately advise Defendant of his right to voluntary

27  departure.  To challenge the underlying removal order in a § 1326 proceeding, a defendant

28  must show that (a) he exhausted any administrative remedies available to seek relief against

11cr3248 BTM

the order; (b) the underlying removal proceedings at which the order was issued deprived him of the opportunity for judicial review; and (c) the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d).  To establish that his removal order was "fundamentally unfair," the Defendant must show that his "due process rights were violated by defects in the underlying deportation proceeding, and . . . *he suffered prejudice* as a result of those defects."  United States v. Ortiz-Lopez, 385 F.3d 1202, 1204 (9th Cir. 2004) (emphasis added) (citation and quotation marks omitted).  The Government argues that Defendant suffered no prejudice from the IJ's alleged failure to advise Defendant of his eligibility for voluntary departure because Defendant's prior Arizona felony convictions rendered him ineligible for such relief.  The Court agrees, and therefore does not reach the issue of whether the IJ failed to advise Defendant sufficiently regarding his right to voluntary departure.

"An alien may be granted voluntary departure by an immigration judge . . . only if the alien . . . [h]as not  been convicted of a crime described in section 101(a)(43) of the [I.N.A.] . . . ."  8 C.F.R. § 1240.26.  Section 101(a)(43) includes "crime[s] of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year[.]"  8 U.S.C. § 1101(a)(43)(F).  18 U.S.C. § 16 in turn defines a crime of violence as:

> (a) an offense that has an element of the use, attempted use, or threatened us of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  Defendant is ineligible for voluntary departure because his convictions under A.R.S. §§ 13-1203 and 13-1204 were for "crime[s] of violence" within the meaning 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16.

In reaching this conclusion, the Court applies the analytical framework articulated by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990).  First, the Court uses the

categorical approach and determines whether the state statutes at issue–in this case, A.R.S. §§ 13-1203 and 13-1204–encompass offenses that are narrower than or equal to the federal definition of "crime[s] of violence."  If so, a conviction under the state statutes necessarily implies that the conviction is for a crime of violence, and the inquiry is over.  If, however, the state statute punishes conduct not included in the federal definition of "crime[s] of violence," the modified categorical approach permits an examination of the "record of conviction" to determine if the defendant was convicted of the generically defined crime.  The "record of conviction" is limited to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the [state] trial judge to which [the defendant] assented."  United States v. Vidal, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc) (citation and quotation marks omitted).

A.R.S. § 13-1203 provides:

> A.  A person commits assault by:
>
> 1.  Intentionally, knowingly or recklessly causing any physical injury to another person; or
>
> 2.  Intentionally placing another person in reasonable apprehension of imminent physical injury; or
>
> 3.  Knowingly touching another person with the intent to injure, insult, or provoke such person.

A.R.S. § 13-1204 provides, in relevant part, that "[a] person commits aggravated assault if the person commits assault as prescribed by § 13-1203 under any of the following circumstances: . . . If the person uses a deadly weapon or dangerous instrument."

The Government concedes that under the categorical approach, A.R.S. § 13-1203 in its entirety is not categorically a "crime of violence" because subpart (A)(1) can be violated with a mens rea of "recklessness," and a "crime of violence" under 18 U.S.C. § 16 requires a mens rea of at least extreme recklessness.  (Dkt. No. 28 at 9.)  However, the Ninth Circuit has held that a convictions under subpart (A)(2) of§ 13-1203 and subpart (A)(2) of § 13-1204 satisfy both alternative prongs of the test for a "crime of violence" under 18 U.S.C. § 16.  See United States v. Ceron-Sanchez, 222 F.3d 1169, 1172-73 (9th Cir. 2000), overruled on other

1    grounds, <u>Fernandez-Ruiz v. Gonzales</u>, 466 F.3d 1121 (9th Cir. 2006) (en banc).  First, a

2    conviction under § 13-1203(A)(2), covering persons who "intentionally plac[e] another person

3    in reasonable apprehension of imminent physical injury," necessarily implies "either the use,

4    attempted use, or threatened use of force against the person of another."  <u>Id.</u> (citing 18

5    U.S.C. § 16(a)).  Second,  by adding the use of a deadly weapon or dangerous instrument,

6    § 13-1204(A)(2) covers crimes inherently producing "a high risk of violence against the

7    person of another." <u>Id.</u> at 1173 (citing 18 U.S.C. § 16(b)); <u>see</u> <u>also</u> <u>McCullock v. Holder</u>, 345

8    Fed. Appx. 292, 294 (9th Cir. 2009) (affirming BIA decision classifying A.R.S. §§ 13-

9    1203(A)(2) and 13-1204(A)(2) as categorical "crimes of violence" within meaning of I.N.A. §

10   101(a)(43)(F)).

11          Applying the modified categorical approach, the "record of conviction" shows that

12   Defendant was convicted under subpart (A)(2) of  § 13-1203 ("Intentionally placing another

13   person in reasonable apprehension of imminent physical injury") and subpart (A)(2) of § 13-

14   1204 (involving use of "a deadly weapon or other dangerous instrument").  First, Defendant

15   pleaded guilty to Counts 3 and 4 of the charging document, and both of those counts track

16   the language of  §§ 13-1203(A)(2) and 13-1204(A)(2) by charging that Defendant, "using a

17   handgun, a deadly weapon or dangerous instrument, intentionally placed [the victims] in

18   reasonable apprehension of imminent physical injury . . . ."  (Dkt. No. 28, Ex. D at 3.)

19   Second, in the Change of Plea Colloquy, Defendant's counsel stated and Defendant adopted

20   the following factual basis for his plea: "On October 26th, 2003 in Phoenix, Maricopa County,

21   Your Honor, on that date as to Counts 3 and 4, Armando, at that time, Your Honor, had a gun

22   and fired the weapon in the general vicinity of these people, and they were, in fact, afraid for

23   their safety."  (Dkt. No. 28, Ex. F at 16-17.)  These facts match the elements of §§ 13-

24   1203(A)(2) and 13-1204(A)(2).  Thus, under the controlling law of the Ninth Circuit,

25   Defendant committed a "crime of violence" within the meaning of Section 101(a)(43)(F) of the

26   I.N.A. and is ineligible for voluntary removal.  Thus, even if the IJ failed to advise Defendant

27   of his right to voluntary removal, there was no prejudice.

28   //

1    In his supplemental brief, Defendant contends, without citing any authority, that "under

2    Arizona law, intentionally placing another in reasonable apprehension of imminent physical

3    injury does not require an intent to place the person in apprehension, only an intent to

4    commit the act which causes the person to be placed in reasonable apprehension." (Dkt. No.

5    29 at 16.)  On this basis, Defendant contends that the record of conviction fails to establish

6    the requisite mens rea for a crime of violence under 18 U.S.C. § 16.  Id.  Established Arizona

7    law undermines Defendant's effort to favorably construe the mens rea requirement of § 13-

8    1203(A)(2).  Arizona Revised Statutes § 13-202 ("Construction of statutes with respect to

9    culpability") provides:  "If a statute defining an offense prescribes a culpable mental state that

10   is sufficient for commission of the offense without distinguishing among the elements of such

11   offense, the prescribed mental state shall apply to each such element unless a contrary

12   legislative purpose plainly appears."  Applying this rule of construction to § 13-1203(A)(2),

13   the court in State v. Rineer, 639 P.2d 337 (Ariz. App. 1981), reasoned:

14           A reasonable apprehension of imminent physical injury is an
             essential element of an assault described by § 13-1203(A)(2).
15           There is no plainly appearing legislative purpose indicating that
             the prescribed culpable mental state, "intentionally," does not
16           apply to that element.  We are therefore unable to agree that the
             statute does not require an intent to produce the essential result.

17

18   Id. at 338-39.  Thus, the record of conviction in this case establishes Defendant's intent to

19   place his neighbors in reasonable apprehension of imminent physical injury.

20           At the November 4, 2011 hearing, Defendant withdrew his argument that he is eligible

21   to seek waiver of removal under § 212(h) of the I.N.A. (8 U.S.C. § 1182(h)).  Defendant

22   continues to maintain, however, that he is eligible to seek cancellation of removal under §

23   240A(b) of the I.N.A. (8 U.S.C. § 1229b(b)).  However, Defendant's prior conviction of an

24   aggravated felony as defined pursuant to 8 U.S.C. § 1101(a)(43), for which he served over

25   180 days in prison, disqualifies him from this form of relief.  See 8 U.S.C. §§ 1229b(b)(1)(B)

26   & 1229b(b)(1)(C); Hernandez-Cruz v. Holder, 651 F.3d 1094, 1100 (9th Cir. 2011) (holding

27   //

28

11cr3248 BTM

1  that aggravated felony convictions, as defined in 8 U.S.C. § 1101(a)(43), "rendered

2  Hernandez–Cruz ineligible for cancellation of removal" under 8 U.S.C. § 1229b(b)). Thus any

3  failure of the IJ to advise Defendant of the availability of cancellation of removal did not cause

4  prejudice.

5

6                                    **CONCLUSION**

7       For the reasons set forth above, Defendant's motion to dismiss is hereby DENIED.

8

9  **IT IS SO ORDERED.**

10  Dated: <u>November 22, 2011</u>

11                                    **HONORABLE BARRY TED MOSKOWITZ**
                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cr3248 BTM